NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3609-15T2

PAUL A. REAGAN,

 Plaintiff-Appellant,

v.

JENNIFER L. RYAN,

 Defendant-Respondent.

 Submitted May 16, 2017 – Decided June 6, 2017

 Before Judges Koblitz and Mayer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Atlantic County, Docket No. FM-01-995-11.

 Cynthia Ann Brassington, attorney for
 appellant.

 Jennifer L. Ryan, respondent pro se.
PER CURIAM

 Plaintiff appeals from a March 18, 2016 order denying his

motion to recalculate child support.1 We affirm.

 The facts relevant to this appeal are undisputed. The parties

entered into a Consent Final Judgment of Divorce (JOD) on July 31,

2012. The JOD provided that the parties share joint legal custody

of their daughter, Z.R., born February 10, 2006. Plaintiff was

designated as the parent of primary residence. Defendant was

allowed two overnights per week from 4:00 p.m. on Sunday until

7:00 p.m. on Tuesday. In addition, defendant was permitted one

weeknight dinner with Z.R. The JOD provided that child support

would be calculated upon the expiration of plaintiff's payment of

limited duration alimony.

 When plaintiff's alimony obligation terminated, plaintiff

filed a motion to calculate child support. By order dated December

9, 2014, Judge Michael J. Blee required defendant to pay $10.00

per week in child support. Judge Blee calculated child support

using a shared parenting worksheet despite plaintiff's argument

that a shared parenting worksheet was inappropriate because

1
 Plaintiff's motion sought other relief as well. However,
plaintiff's appeal is limited to the denial of recalculated child
support.

 2 A-3609-15T2
defendant did not have separate sleeping accommodations for Z.R. 2

In calculating child support, the judge considered plaintiff's

non-taxable annual pension of $58,588.08, plus plaintiff's annual

gross taxable income of $26,930.66, and defendant's annual gross

income of $23,425.00.

 Both parents resided in Atlantic County from the date of the

JOD until September 2015. In 2015, plaintiff moved from Atlantic

County to Burlington County. In February 2016, plaintiff filed a

motion requesting the following relief: modification of the

parenting schedule based upon plaintiff's relocation to Burlington

County; modification of child support due to defendant's increased

earnings; and transfer of venue to Burlington County.

 On March 18, 2016, Judge Jeffrey D. Light granted plaintiff's

motion in part. The judge modified defendant's parenting schedule

to allow Z.R. to spend three weekends per month with defendant and

additional summer vacation time. Judge Light denied plaintiff's

motion to recalculate child support and transfer venue.

 Because the judge reduced defendant's parenting time to three

weekends per month, the number of overnights exercised by defendant

decreased from 104 overnights per year to 72 overnights per year.

Judge Light calculated child support using a shared parenting

2
 Defendant was living in a two-bedroom condominium with her
mother.

 3 A-3609-15T2
worksheet and, based upon the parties' financial information,

determined that defendant did not have a child support obligation.

However, the judge ordered defendant to continue payment of child

support at $10.00 per week because parents have a statutory

obligation to provide child support to the best of each parent's

ability.

 In calculating child support, Judge Light took into

consideration that plaintiff moved from Atlantic County to

Burlington County, a distance of approximately fifty miles.

Plaintiff's unilateral move necessarily affected the parenting

time schedule as defendant had to commute an hour and fifteen

minutes to see Z.R. Plaintiff's relocation also eliminated

defendant's ability to share dinner with Z.R. during the school

week as contemplated in the JOD.

 As for use of a shared parenting worksheet rather than a sole

parenting worksheet, Judge Light determined that it was unfair for

plaintiff to relocate, thereby reducing defendant's parenting time

with Z.R., and to receive an increase in child support under the

circumstances.

 Plaintiff argues the judge abused his discretion by deviating

from the New Jersey Child Support Guidelines (Guidelines) in using

a shared parenting worksheet rather than a sole parenting worksheet

to calculate child support.

 4 A-3609-15T2
 A trial court's determination of a child support award is

reviewed under the abuse of discretion standard. Jacoby v. Jacoby,

427 N.J. Super. 109, 116 (App. Div. 2012)(citations omitted).

"When reviewing decisions granting or denying applications to

modify child support, we examine whether, given the facts, the

trial judge abused his or her discretion." J.B. v. W.B., 215 N.J.

305, 325-26 (2013)(quoting Jacoby, supra, 427 N.J. Super. at 116).

We accord particular deference to judges in the Family Part

"because of [their] 'special jurisdiction and expertise' in family

matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div.

2013)(quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). Unless

a child support award is "manifestly unreasonable, arbitrary, or

clearly contrary to reason or to other evidence, or the result of

whim or caprice," we will not disturb the award. Foust v. Glaser,

340 N.J. Super. 312, 315-16 (App. Div. 2001)(internal quotation

marks and citations omitted).

 The Guidelines are set forth in Appendix IX-A and IX-B to

Rule 5:6A. Rule 5:6A provides:

 The guidelines set forth in Appendix IX of
 these Rules shall be applied when an
 application to establish or modify child
 support is considered by the court. The
 guidelines may be modified or disregarded by
 the court only where good cause is shown. Good
 cause shall consist of a) the considerations
 set forth in Appendix IX-A, or the presence
 of other relevant factors which may make the

 5 A-3609-15T2
 guidelines inapplicable or subject to
 modification, and b) the fact that injustice
 would result from the application of the
 guidelines. In all cases, the determination
 of good cause shall be within the sound
 discretion of the court.

 Both the Rule and Appendix accord family judges discretion

to deviate from the Guidelines. See Lozner v. Lozner, 388 N.J.

Super. 471, 480 (App. Div. 2006)(citing Ribner v. Ribner, 290 N.J.

Super. 66, 73 (App. Div. 1996)). "The Child Support Guidelines

are not cast in stone, but are in fact guidelines, subject to

deviation as a matter of fairness on a case-by-case basis."

Fichter v. Fichter, 444 N.J. Super. 205, 215 (Ch. Div. 2015).

Among the factors that may be considered by the family court when

establishing a child support award are: the "[s]tandard of living

and economic circumstances of each parent," "[a]ll sources of

income and assets of each parent," the "[e]arning ability of each

parent," and "[a]ny other factors the court may deem relevant."

N.J.S.A. 2A:34-23(a).

 Applying this standard of review, we find Judge Light's child

support award in this case was not an abuse of discretion. The

judge considered that plaintiff earned three times more than

defendant earned. Additionally, the judge weighed plaintiff's

relocating approximately one hour and fifteen minutes farther from

defendant under the "fairness" factor in determining the child

 6 A-3609-15T2
support award. Here, the judge found that the use of a sole

parenting worksheet would result in a penalty to defendant.

Defendant wanted to exercise more parenting time with Z.R.

However, plaintiff's relocation made it impossible to abide by the

parenting schedule agreed upon in the JOD.

 The judge's award was not arbitrary, capricious or

unreasonable given the facts before the court. The judge exercised

his discretion and deviated from the Guidelines based upon the

disparity in the parties' income as well increased travel distance

required to enjoy parenting time with Z.R.

 Affirmed.

 7 A-3609-15T2